IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michael A., Jr.,

        Plaintiff,

v.                                                              Case No. 1:20-cv-1184-MLB

Commissioner, Social Security
Administration,

        Defendant.

_____/

**OPINION & ORDER**

Plaintiff Michael A., Jr., sues under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for supplemental security income. (Dkt. 3.) The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Commissioner's decision be affirmed. (Dkt. 31.) Neither party filed objections. The Court adopts the R&R in full and affirms the Commissioner's decision.

I.  **Background**[1]

On March 24, 2016, Plaintiff applied for supplemental security income, alleging disability beginning November 18, 2015. (Dkt. 18-1 at 201.)[2]  Plaintiff's applications were denied initially and again on reconsideration. (*Id.* at 113–39, 150–54.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who denied Plaintiff's application on March 18, 2019 upon a finding that Plaintiff was not disabled. (*Id.* at 155.) On February 11, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at 5–10.) Plaintiff sued on March 16, 2020. (Dkts. 1; 3.)

II. **Standard of Review**

The district court must "conduct[] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects." *United States v. McIntosh*, No. 1:18-cr-00431, 2019 WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *accord* 28 U.S.C. § 636(b)(1)

---

[1] The Magistrate Judge thoroughly laid out the facts in the R&R. (Dkt. 31 at 5–12.) The Court adopts those facts and summarizes the crux of the case here.

[2] The Court cites the page numbers applied by the CM/ECF system.

("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam) (explaining that plain error review is appropriate in absence of objection). "Parties filing objections to a magistrate's [R&R] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting the required review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. Discussion

Plaintiff argued the ALJ erred in weighing the opinions of Tildon Wright, a social worker, and Debbie Stevens, a nurse practitioner. (Dkt. 25 at 14–22.) Mr. Wright opined that Plaintiff has difficulty with social and occupational functioning and is "unable to work with or around others." (Dkt. 18-2 at 454.) Ms. Stevens opined that Plaintiff had extreme limitations in understanding, remembering, or applying information; interacting with others; concentration, persistence, and pace; and that he would be unable to sustain gainful employment. (*Id.*

3

at 269, 448–51.)  The ALJ expressly considered both opinions but gave only "some weight" to Mr. Wright's opinions and "little weight" to Ms. Stevens's opinions.  (Dkt. 18-1 at 39–40.)

The Social Security regulations "require the ALJ to evaluate every opinion of record and to explain the weight assigned to opinions from an 'acceptable medical source.'"  *McGruder ex rel. D.J. v. Astrue*, No. 1:11-CV-0468-JSA, 2012 WL 5817938, at *6 (N.D. Ga. Nov. 16, 2012) (citing 20 C.F.R. §§ 404.1513(d), 416.927(b), (d)).  Although the "regulations establish a hierarchy of medical evidence, entitling the opinions of treating physicians the greatest deference, followed by those of examining physicians, then non-examining physicians, and finally, other medical sources," *Gorham v. Astrue*, No. 1:11-CV-3555-CAP-JSA, 2012 WL 5507306, at *4 (N.D. Ga. Nov. 14, 2012) (citation omitted), the ALJ must "evaluate every medical opinion," 20 C.F.R. § 404.1527(c), and "state with particularity the weight given to different medical opinions and the reasons therefor," *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)).

The Magistrate Judge walked through the ALJ's analysis and concluded:

> It is hard to imagine what more the ALJ could have done. She acknowledged Mr. Wright's opinions, gave it weight, and explained in detail why she afforded it the weight that she did—again, essentially because it was inconsistent with some of Mr. Wright's and Ms. Stevens's own treatment notes and observations. As with the opinions of Ms. Stevens, the ALJ did exactly what the regulations and caselaw require.

(Dkt. 31 at 24.) The Court finds no plain error in this conclusion. Before the ALJ considered the opinions, she summarized the medical evidence, including the treatment notes and observations from Mr. Wright and Ms. Stevens, in great detail. (Dkt. 18-1 at 34–38; *see also* Dkt. 31 at 16–19.) She then explained that she provided "little weight" to Ms. Stevens's opinions because they are, at times, inconsistent with the evidence. (Dkt. 18-1 at 39–40; *see also* Dkt. 31 at 20.) She similarly explained that she gave "some weight" to Mr. Wright's opinions because they were, in some instances, inconsistent with the treatment notes. (Dkt. 18-1 at 40; *see also* Dkt. 31 at 23–24.) For both opinions, she laid out their contents, expressly afforded weight to them, explained why she gave them the weight that she did, and provided examples. Nothing more was required. *See, e.g., Howard v. Comm'r, Soc. Sec. Admin.*, 762 F. App'x 900, 904

(11th Cir. 2019) (per curiam) (finding substantial evidence supported the ALJ's decision to reject two examining physicians' opinions that were conclusory, inconsistent, and unsupported by the record); *Lucas v. Colvin*, No. 1:15-CV-2936-JFK, 2016 WL 4945347, at *7–8 (N.D. Ga. Sept. 16, 2016) (finding the ALJ had good cause to reject a treating doctor's opinion because it was inconsistent with his own treatment notes and the rest of the record).

Plaintiff also argued that the two opinions "were worth greater weight." (Dkt. 25 at 21–22.) The Magistrate Judge explained that it is not the Court's job to weigh the evidence de novo or decide how much weight it would have afforded the evidence; rather, the Court "determine[s] whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." (Dkt. 31 at 24 (quoting *Winschel*, 631 F.3d at 1178 (internal quotation marks omitted)).) The Court sees no plain error in this analysis. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, . . . we review the resulting decision only to determine whether it is supported by substantial evidence. . . . This limited review

precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence.").

Lastly, Plaintiff argued that "[g]iving a narrative description of the evidence, 'some weight' to State agency opinions, and evaluating the Plaintiff's subjective complaints is not enough to satisfy the substantial evidence standard" and that the ALJ should have ordered a consultative examination "to complete the record." (Dkt. 25 at 22.) According to the Eleventh Circuit, the ALJ "has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)). The Magistrate Judge found "[t]he record contained ample evidence for the ALJ to properly evaluate Plaintiff's mental health, and the ALJ did not err by failing to order a consultative examination." (Dkt. 31 at 25.) The Court sees no plain error in this finding. *See, e.g.*, *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (per curiam) (holding that the ALJ did not err in declining to order a consultative examination where medical records, the reports of the

plaintiff's treating psychiatrists and therapists, the assessments of agency physicians, and the plaintiff's self-assessments provided sufficient evidence for the ALJ to decide whether the plaintiff's depression was disabling); *Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (per curiam) (holding that the ALJ did not err in declining to order a consultative examination where the record contained sufficient evidence—such as lack of treatment, the claimant denying musculoskeletal issues, and a doctor's release without work restrictions—to support the ALJ's decision).

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 31) and **AFFIRMS** the Commissioner's final decision. The Court **DIRECTS** the Clerk to **CLOSE** this action.

**SO ORDERED** this 24th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

8